# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Crystal Rosenberg,** *et al.*,

    **Plaintiffs,**

v.

**ABF Freight System, Inc.,** *et al.*

    **Defendants.**

Case No. 2:13–cv–651

Judge Michael H. Watson

Magistrate Judge
Elizabeth P. Deavers

## OPINION AND ORDER

Crystal Rosenberg and Aaron Rosenberg ("Plaintiffs") bring this state-law tort action against ABF Freight System, Inc. ("ABF"), Arkansas Best Corporation, MoveBuilder, Inc. ("MoveBuilder"), Moving Solutions, Inc., Access Gentle Moving Corporation ("Access"), Todd M. Brenden ("Brenden"), John Does Numbers 1–15, and XYZ Corporations Numbers 1–10. Plaintiffs' claims arise from an injury Ms. Rosenberg sustained while unloading boxes from a moving trailer. Access and Brenden (collectively "Defendants") moved to dismiss Plaintiffs' claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 14. Plaintiffs and the remaining defendants opposed the motion. ECF Nos. 36 & 37. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted. ECF No. 40. Plaintiffs and the remaining defendants now object to the R&R. ECF Nos. 43 & 44. For the following reasons, the Court **OVERRULES**

Plaintiffs' and the remaining defendants' objections, **ADOPTS** the R&R, and **DISMISSES** defendants Access and Brenden for lack of personal jurisdiction.

### I. FACTS

Plaintiffs planned to move from the State of Washington to the State of Ohio in July 2011. To facilitate the move, Plaintiffs retained Movebuilder. To assist with the move, Movebuilder hired Access to load Plaintiffs' belongings into a moving trailer, owned by Defendant ABF and parked at or near the Rosenberg's home in Washington.

On July 13, 2011, Brenden and another employee of Access loaded the Rosenberg's belongings into the trailer. After they loaded the trailer, it was transported to Plaintiffs' new residence in the State of Ohio. Access and Brenden had no involvement with trailer's transport.

On July 25, 2011, Plaintiff Crystal Rosenberg was standing inside the moving trailer when items shifted or fell, allegedly causing her injury.

### II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The motion at issue is one to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiffs bear the burden of establishing this Court's personal jurisdiction over the defendant. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir.1989). In deciding whether personal jurisdiction exists, the Court has discretion to hold a hearing or rely on the affidavits and factual allegations in the pleadings. *Coast to Coast Health Care Servs., Inc. v. Meyerhoffer*, 2:10–cv–734, 2012 WL 169963, at *3 (S.D. Ohio Jan.19, 2012). If no hearing is held, the plaintiff need only make a *prima facie* showing of jurisdiction. *Theunissen v. Mathews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Here, neither party has requested a hearing, and thus the Court will decide the motion on the submissions of the parties, requiring only a *prima facie* showing of jurisdiction,

### III. ANALYSIS

The Court uses a two-step analysis to determine whether it has personal jurisdiction over a non-resident defendant. *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011). Specifically, an exercise of personal jurisdiction over a non-resident defendant is valid only if it meets the requirements of *both* Ohio's long-arm statute *and* constitutional due process. *Id.* Accordingly, if Plaintiffs fail to establish jurisdiction pursuant to Ohio's long-arm statute, the court need not consider jurisdiction in the context of due process.

Ohio's long-arm statute provides nine bases for jurisdiction. Ohio Rev. Code § 2307.382(A)(1)–(9). The R&R concluded Plaintiffs failed to make a *prima*

*facie* showing that Defendants' conduct fell within any of those bases. ECF No. 40. Plaintiffs and the remaining defendants object, arguing that evidence shows that Defendants' conduct falls within two bases listed in Ohio's statute: (1) Subsection A(1)–transacting any business in Ohio, and (2) Subsection A(2)–contracting to supply services or goods in Ohio.

## A. Transacting Business in Ohio

Plaintiffs first object to the R&R's finding that Defendants did not transact any business in Ohio.

Subsection (A)(1) of Ohio's long-arm statute provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting business in this state." Ohio Rev. Code § 2307.382(A)(1). Transacting business "encompasses 'to carry on business,' and 'to have dealings,' and is broader . . . than the word 'contract.'" *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 234 (2012).

Courts consider two factors to determine whether a non-resident defendant transacted business in Ohio within the meaning Ohio Revised Code Subsection (A)(1). *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 161 (S.D. Ohio 2012). First, the Court examines whether the non-resident defendant initiated the business dealing. *Id.* If the non-resident defendant reached out to the Ohio plaintiff to create a business relationship, the Court deems the defendant to have transacted business in Ohio. *Id.* Nonetheless, the use of interstate lines of

communication such as mail and telephones "does not automatically subject a defendant to the jurisdiction of the courts in the forum state." *Id.*

Second, the Court considers whether the parties conducted their negotiations or discussions in Ohio or agreed to terms that affect Ohio. *Id.* Once again, "merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute 'transacting business.'" *Id.* "'Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state.'" *Id.* (quoting *Shaker Constr. Grp., LLC v. Schilling*, No. 1:08–cv–278, 2008 WL 4346777, at *2 (S.D. Ohio Sep. 18, 2008)).

"In addition to these two factors, the plaintiff also must demonstrate that there is a substantial connection between the defendant and the forum state." *Shaker Constr. Grp., LLC*, 2008 WL 4346777, at *3. *See Dayton Superior*, 288 F.R.D. at 162 ("Section (A)(1) does not confer jurisdiction where the plaintiff initiated the contacts, where the non-resident was not based in Ohio and had no agents or real property in Ohio and where the work performed was not in Ohio even though there were continuing communications between the non-resident and the plaintiff located in Ohio"); *Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs.*, No. 3:08–cv–150, 2012 WL 5830252, at *8 (S.D. Ohio Nov. 16, 2012) (merely contracting with party located in Ohio does not establish a substantial connection with Ohio).

The R&R concluded that Plaintiffs failed to make a *prima facie* showing that Defendants "transacted business in Ohio." It found that Defendants did not initiate negotiations Plaintiffs; rather, ABF contacted Access, and any discussions between them occurred in the State of Washington. R&R 9, ECF No. 40.

Moreover, the R&R further found that even assuming Plaintiffs demonstrated Defendants transacted business in Ohio, they have not presented any evidence that could support a finding that their cause of action "arose from" the alleged contacts with Ohio, as required by § 2307.382(A). *Id*. at 10.

Plaintiffs and the remaining defendants object to this finding, arguing that Brenden transacted business in Ohio by: (1) initiating a business dealing outside of Washington by applying to ABF/MoveBuilder to perform the loading and unloading work for Plaintiffs' interstate move, and (2) accepting the work from ABF/MoveBuilder with the knowledge that the destination of the trailer was Ohio.

The remaining defendants object on the same basis. They argue that Access and Brenden contracted with them to load Plaintiffs' belongings with the explicit and known purpose of transporting those belongings to Ohio. Therefore, they argue, Defendants "knew or should have known that any personal injuries arising from its alleged negligent loading of the trailers would not occur until the trailers were being unloaded in Ohio." ABF's Obj. 2, ECF No. 44.

Plaintiffs also argue "the terms of the negotiation between Access/Brenden and ABF/MoveBuilder regarding the Rosenberg move affected Ohio as that was the end destination of the service Brenden had performed." Obj. 4, ECF No. 43.

The Court finds that Plaintiffs have failed to show that Access or Brenden transacted business in Ohio. As to the first factor, despite Plaintiff's and the remaining defendants' objections to the contrary, neither Access nor Brenden initiated the business dealing. Brenden may have initiated contact with ABF in about 2010 to garner subcontract business through the MoveBuilder project in general, but his reaching out to ABF to ask to be a part of the MoveBuilder project and to get subcontract work in general is not tantamount to initiating the particular business dealing involving the Rosenbergs and their move to Ohio. There is no evidence Brenden contacted anyone in Ohio back in 2010 when he inquired about getting subcontract work. Moreover, there is no evidence Brenden became aware of the Rosenberg move and reached out to ABF or the Rosenbergs and asked specifically to be subcontracted that project. Indeed, Plaintiffs admit that it was ABF who reached out to Brenden once it was aware of his interest to propose that he work on the Rosenberg project. Obj. 2, ECF NO. 43 (citing Brenden's deposition wherein he states he was contacted by email to load Plaintiffs' belongings). Accordingly, the Court agrees with the R&R that Access and Brenden did not initiate the business dealing.

As to the second factor, Access and Brenden neither conducted their negotiations or discussions in Ohio nor agreed to terms that affect Ohio. As the R&R notes, the discussions occurred in Washington, and no party seriously contends any negotiations or discussions took place in Ohio. Plaintiffs and the remaining defendants argue that because Brenden knew the Rosenbergs were

moving to Ohio, he and Access agreed to terms that affect Ohio. That argument conflates the agreement between Access and Brenden with ABF, which was limited to loading materials onto a moving trailer in the State of Washington, and the agreement between the Rosenbergs and another company, which was to transport the moving trailer from Washington to Ohio. Plaintiffs point to no terms of Acess' and Brenden's subcontract with ABF that affects Ohio, and indeed, although no party cites it, the Court notes that Brenden testified at his deposition that the initial email offering the loading job to his company did not indicate where the Rosenbergs were moving to. Brenden Dep. 69:18–21, ECF No. 30. Thus, Plaintiffs and remaining defendants have not shown that the terms of his subcontract affected Ohio, even though he found that at some later point that the truck would be driven to Ohio. They present no cases to the effect that his knowledge that the materials his company loads would eventually be unloaded in Ohio means that the terms of his contract with ABF affects Ohio.

Further, the Court disagrees with their objection that the end destination of the service Access and Brenden performed is Ohio. To the contrary, the end destination of *Access' and Brenden's* service was Washington. Their service was loading, and the loading was complete in Washington. The end destination of the company that drove the truck was Ohio. Thus, the parties did not conduct negotiations or discussions in Ohio and the transaction did not have terms affecting Ohio.

Finally, with respect to the "transacting business" requirement, the Court reiterates that the mere existence of a contract is insufficient to confer jurisdiction under section (A)(1); there must be ongoing, substantive contacts. *Specialized Machinery*, 2009 WL 1045908, at *5. There is no evidence that Access and Brenden had ongoing, substantive contacts with Ohio.

Additionally, as the R&R notes, even if Access or Brenden "transacted business" in Ohio under § 2307.382(A)(1), the Long Arm Statute is satisfied only if the cause of action arises from that transaction. Plaintiffs and remaining defendants fail to object or even address this aspect of the R&R. Accordingly, even if the Court sustained Plaintiffs and remaining defendants' objections as to whether Access and Brenden "transacted business" in Ohio, the Court would adopt the R&R on the basis that Plaintiffs and remaining defendants did not object to the R&R's recommendation that they failed to make a *prima facie* showing that the cause of action "arose from" the transaction with Ohio. Plaintiffs and the remaining defendants failed to show why the Court should reject that aspect of the R&R.

### B. Contracting to Supply Services or Goods in Ohio

Plaintiffs next object to the R&R's finding that Plaintiffs have not made a *prima facie* showing of jurisdiction pursuant to Subsection (A)(2) of Ohio's long-arm statute.

Subsection (A)(2) allows the Court to exercise jurisdiction "over a person who acts directly or by an agent, as to a cause of action arising from the

person's: . . . [c]ontracting to supply services or goods in this state." Ohio Rev. Code § 2307.382(A)(2). The R&R found Plaintiffs have failed to present any evidence suggesting Defendants contracted to perform services in Ohio.

Plaintiffs object; their argument that Defendants did contract to supply a service in Ohio is as follows. Plaintiffs contracted with ABF and MoveBuilder to move their belongings from Washington to Ohio. ABF and MoveBuilder then contracted with Defendants to load Plaintiffs' belongings into a trailer in Washington. This second contract (to load the belongings in Washington), was made to effectuate the first contract, (to move the belongings from Washington to Ohio). By contracting with ABF/MoveBuilder to effectuate a moving service that ended in Ohio, Defendants contracted to supply a service in Ohio. In other words, Defendants' contract with ABF and MoveBuilder was intended to benefit Plaintiffs. These circumstances, Plaintiffs argue, establish Defendants contracted to perform services in Ohio pursuant to Subsection (A)(2).

In support of their argument, Plaintiffs rely on *Joffe v. Cable Tech, Inc.*, 163 Ohio App. 3d 479 (Ohio App. Ct. Dist. 10 Sept 20, 2005). In *Joffe*, the plaintiff, who lived in California, brought various state-law claims against an Iowa corporation that he alleged recruited him for a job in Ohio but failed to hire him upon his arrival. *Id.* at 483–484. The court rejected the plaintiff's argument that Subsection (A)(2) applied because the defendant had contracted with a non-party to supply services in Ohio. The defendant had not contracted with the

plaintiff to provide the services, nor did it contract to supply the services to the plaintiff in Ohio. *Id.* at 490.

Plaintiffs argue that unlike *Joffe*, Defendants contracted with ABF and MoveBuilder to supply services to Plaintiffs. Plaintiffs assert Defendants' contract with ABF and MoveBuilder existed only because of Plaintiffs' original contract with ABF and MoveBuilder. Therefore, they argue, Defendants contracted to supply services in Ohio.

The Court declines to extend *Joffe* to reach this conclusion, as it would contradict established authority that "the actual transaction of business *in-state* is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(2)." *Kobill v. Airways Ltd. v. Nat'l Flight Servs., Inc.*, 92 F. Supp. 2d 689, 692 (N.D. Ohio 2000) (emphasis added). *See Brunner v. Hampson*, 441 F.3d 457, 464 (6th Cir. 2006) (the defendants did not contract to supply services in Ohio where the defendants' services, which consisted of arranging a flight from Ohio to Canada, occurred in Canada); *Gerber v. Riordan*, No. 3:06–cv–01525, 2009 WL 1505572, at *3 (N.D. Ohio May 28, 2009) (rev'd on ground that the defendants waived their personal jurisdiction defense, 694 F.3d 514) (no personal jurisdiction in Ohio where the plaintiff sued a publisher and the contract did not provide that the books would be supplied to Ohio but rather that the defendant would supply services in Virginia); *Kananian v. Brayton Purcell, LLP*, No. 1:07CV3188, 2008 WL 926061, at *4 (N.D. Ohio April 3, 2008) (the defendant lawyer did not contract to supply services in Ohio where he agreed to file claims for the plaintiff in New

York, Illinois, Delaware, and Connecticut for asbestos exposure the plaintiff suffered in Ohio); *compare with*, *Highway Auto Sales, Inc. v. AutoKonig of Scottsdale, Inc.*, 943 F. Supp. 825, 829 (N.D. Ohio 1996) (personal jurisdiction in Ohio where the defendant contracted to supply a Ferrari to the plaintiff in the state of Ohio). Just as in *Joffe*, Access and Brenden did not contract with Plaintiffs but rather with a third party. Moreover, as much as Plaintiffs argue otherwise, Access and Brenden simply did not contract to provide any service in Ohio. The service they contracted to perform was loading, and that service was completed in Washington. Plaintiffs' argument is really that the service had an *effect* in Ohio, not that Access or Brenden contracted to supply services or goods in Ohio. Accordingly, the R&R did not err in finding Plaintiff failed to establish jurisdiction under Subsection (A)(4).

Plaintiffs indicate that if the Court agrees with the R&R that the claims against Brenden and Access should be dismissed for lack of personal jurisdiction, they would seek to transfer their claims against all Defendants, including Brenden and Access, to the United States District Court for the Western District of Washington. As Plaintiffs indicate they will file a separate motion to transfer, the Court declines to rule on such a request to transfer at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's and the

remaining defendant's objections, ECF Nos. 43 & 44 and **ADOPTS** the R&R, ECF No. 40. The Clerk shall remove ECF No. 14 from the Civil Justice Reform Act Motions Report.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT